UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON DALE PRICE AND CHERYL EDGEMON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SYNAPSE GROUP, INC., SYNAPSECONNECT, INC., TIME, INC., AND DOES 1-50 inclusive,<br><br>Defendants. | Case No.: 16CV1524-BAS(BLM)<br><br>**ORDER DENYING DEFENDANTS' REQUEST FOR MODIFICATION OF THE PROTECTIVE ORDER**<br><br>**[ECF Nos. 62 & 63]** |

Currently before the Court are Plaintiffs' and Defendants' letter briefs regarding the modification of the protective order entered into on October 10, 2017. See ECF Nos. 62, 63, 65, and 66. For the reasons set forth below, the Court **DENIES** Defendants' request for a modification of the existing protective order.

**Relevant Background**

Plaintiffs filed a second amended class action complaint alleging false advertising, violation of the California Consumers Leal Remedies Act ("CLRA"), conversion, unfair competition, and unjust enrichment on August 23, 2016. ECF No. 13 ("SAC"). Plaintiffs allege that Defendants "are engaged in an illegal automatic renewal scheme for magazine subscriptions." Id. at 3. Specifically, Plaintiffs allege that after presenting consumers with an opportunity for free or heavily discounted magazine subscriptions, Defendants misleadingly enroll customers in an automatic renewal program that renews the magazine subscriptions and results in a charge to "the consumer's credit card, debit card, or third party payment account without providing the requisite disclosures and without obtaining the requisite authorizations

1

required by California law. Id. Plaintiffs seek restitution, injunctive relief, attorneys' fees, compensatory damages, punitive damages, costs of suit, and pre-judgment interest. Id. at 24.

On September 23, 2016, Defendants filed a motion to dismiss Plaintiffs' SAC. ECF No. 17. On July 24, 2017, the Court issued an order granting in part and denying in part Defendants' motion to dismiss. ECF No. 21. In the Order, the Court "dismisse[d] the portion of Plaintiffs' claims seeking injunctive relief and retain[ed] jurisdiction over Plaintiffs' claims for other forms of relief." Id. at 26-29.

On September 26, 2017, the Court issued a scheduling order regulating discovery and other pretrial proceedings. ECF No. 29. In accordance with that order, on October 10, 2017, the parties filed a joint motion for a protective order that was granted by the Court with modification to the language regarding the filing of confidential materials. ECF Nos. 30-31.

On June 28, 2018, Plaintiffs' counsel filed a case in San Diego Superior Court entitled Cruz v. Synapse Group, Inc. ECF Nos. 62 at 2; 63 at 2. The case essentially involves the same putative class as the instant matter and asserts largely the same claims against the same defendants for the same alleged misconduct. Id. However, Plaintiffs in the Cruz matter seek only injunctive relief and no monetary damages or restitution. Id. On August 1, 2018, Defendants removed the Cruz matter to this Court. Id.; see also Docket for Cruz v. Synapse Group, Inc., Case No. 3: 18-cv-01775. On August 8, 2018, the defendants moved to dismiss Cruz for failure to state a claim, or, alternatively, to strike the class allegations. See Id. at ECF No. 4. On August 9, 2018, Plaintiffs moved to remand the Cruz matter. See Id. at ECF No. 6. The parties in Cruz are represented by the same counsel that represents Plaintiffs and Defendants in the instant matter. See Docket; see also docket in Case No. 3: 18-cv-01775.

On August 7, 2018, counsel for Plaintiffs, Mr. Zachariah Dostart, and counsel for Defendants, Mr. Thomas Warren, contacted the Court regarding Defendants' request for a protective order for depositions scheduled to take place next week. ECF No. 60. In light of the time sensitive nature of the dispute, the Court ordered the parties to simultaneously file five page letter briefs on August 10, 2018 and to file any responses on August 14, 2018. Id. The parties timely filed their briefs and responses. See ECF Nos. 62, 63, 65, and 66.

**DEFENDANTS' POSITION**

Defendants seek an order from the Court modifying the existing protective order in this case. See ECF No. 62 at 1; see also ECF No. 30. Defendants seek a modification that prevents Plaintiffs' counsel from using any materials obtained in discovery in this matter in the Cruz matter "regardless of whether the materials are "confidential" within the scope of the protective order." See ECF No. 62 at 1. Additionally, Defendants "request that the Court order plaintiffs' counsel to state under oath what information they have sought or used from this case to further their efforts in other actions (filed or as-of-yet unfiled)" and "that the Court order plaintiffs' counsel to affirm that they did not use customer information produced in this case to seek additional potential named plaintiffs in this or other actions, and to permit the defendants discovery into this potential violation of California's anti-solicitation laws." Id.

Defendants argue that because Cruz was not filed when the original protective order was entered by the Court and because Plaintiffs' counsel had not disclosed the names of any additional potential named Plaintiffs in this matter[1], "there is ample reason for the Court to reconsider the scope of the protective order." Id. at 3. In support, Defendants argue that (1) Plaintiffs cannot propound discovery in this action to further another action, (2) Plaintiffs cannot solicit potential named Plaintiffs from discovery in this action, (3) Defendants are entitled to due process with respect to information used in another litigation, and (4) their requests are reasonable. Id. at 4-5.

In their reply letter brief, Defendants argue that a blanket protective order is warranted to prevent Plaintiffs from using the instant matter to solicit additional named Plaintiffs or to obtain discovery from absent class members. ECF No. 65 at 1, 3-5. Defendants also argue that

---

[1] Defendants note that on July 25, 2018, Plaintiffs amended their Fed. R .Civ. P. 26 initial disclosures to add four new potential class representatives. ECF No. 62 at 2. Defendants suspect that the Plaintiffs used a list of California consumers that Defendants produced "(inadvertently initially not marked as confidential)" to seek out additional named Plaintiffs for this and other matters, but cannot confirm as Plaintiffs have objected to all discovery requests seeking this information. Id. at 2, 4. Defendants argue that this would be a violation of California's anti-solicitation laws. Id. at 4.

3

they have the right to be heard as to whether the use of information from Price for Cruz is objectionable and that it is premature to permit counsel to use Price discovery in Cruz as it is unclear "whether either class will be certified, dismissed, or settled" and "whether Ms. Cruz would be a member of a hypothetical Price class." Id. at 2-3. Defendants note that the deposition of Ms. Freire should not include testimony regarding the IVR system as that system is only relevant to the Cruz action and that the deposition of Mr. Hoffman was never scheduled. Id. at 2.

## **PLAINTIFFS' POSITION**

Plaintiffs contend that Defendants have refused to produce two of its employees for depositions that are scheduled to take place on August 16 and 17, 2018 because Plaintiffs' counsel has refused to agree to refrain from using information generated in discovery in this case in other litigation pending against Defendants. ECF No. 63 at 1. Plaintiffs also contend that defense counsel stated that in light of Plaintiffs' counsel's refusal to modify the protective order, they will designate everything as Confidential. Id. at 2. Plaintiffs argue that there is no basis for a protective order for material that is not Confidential and that the law supports a scenario where litigants in the Cruz action "should have access to and be able to use discovery material from this action that *has* been designated as Confidential or Confidential – For Counsel Only, so long as the material is relevant to the Cruz action and adequate protection for the material is maintained." Id. at 3 (emphasis in original). Plaintiffs plan to file a motion to modify the protective order "so as to allow the parties in the Cruz Action to use relevant information from this action that is presently subject to the Protective Order." Id. at 5. Plaintiffs also argue that there is no need for Defendants' request at this time as discovery in the Cruz action is not yet open and will not open until the action is remanded to state court or after a Fed. R. Civ. P. 26(f) conference if the case remains in federal court. Id.

In their reply letter brief, Plaintiffs contend that Defendants have failed to explain why the depositions could not have proceeded as noticed and note that several of the issues raised by Defendants in their letter brief have not been the subject of a meet and confer between counsel as required by the local rules and chamber's rules. ECF No. 66 at 2-3. Plaintiffs further

4

note that (1) information that has not been designated as Confidential can be used for any purpose, including other litigation, (2) their counsel has not used any "Confidential Information produced in this case for use in any *other action*, including the *Cruz* action," and (3) their counsel has used Confidential Information for this action only, in accordance with the protective order. Id. at 3- 5 (emphasis in original). Plaintiffs request that the Court award sanctions in accordance with Fed. R. Civ. P. 26(c)(3) and 37(a)(5) if Defendants' request is denied as there is no substantial justification for (1) Defendants interference with the depositions, (2) seeking such an overbroad protective order, (3) failing to meet and confer on all issues raised in the letter brief. Id. at 5.

## **LEGAL STANDARD**

Protective orders in discovery are governed by Federal Rule of Civil Procedure 26(c), which states that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery [and] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(B & D). "The Supreme Court has interpreted Federal Rule of Civil Procedure 26(c) as conferring 'broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.'" In re Static Random Access Memory (SRAM) Antitrust Litig., 2011 WL 5193479, at *4 (N.D. Cal. Nov. 1, 2011) (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984)).

Generally, the Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003) (citing Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 475 (9th Cir. 1992)). "Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery." Id. (citing Beckman, 966 F.2d at 475). "Where reasonable restrictions on collateral disclosure will continue to protect an affected party's legitimate interests in privacy, a collateral litigant's request to the issuing court to modify an otherwise proper protective order so that collateral

litigants are not precluded from obtaining relevant material should generally be granted." Id. at 1132 (citing Beckman, 966 F.2d at 475; Olympic Refining Co. v. Carter, 332 F.2d 260, 265-66 (9th Cir. 1964)). However, courts should not grant a request for modification automatically. See id. The Ninth Circuit has established a two-part test for determining whether to modify a protective order to allow the protected documents to be used in a collateral proceedings. See Blum v. Merrill Lynch Pierce Fenner & Smith Inc., 712 F.3d 1349, 1355 (9th Cir. 2013); see also Foltz, 331 F.3d at 1132. Initially, the party seeking modification must "demonstrate the relevance of the protected discovery to the collateral proceedings and its general discoverability therein." Foltz, 331 F.3d at 1132. Relevance is determined by the "degree of overlap in facts, parties, and issues between the suit covered by the protective order and the collateral proceedings." Id. (internal quotations and citation omitted). If the court finds sufficient relevancy, it must then "weigh the countervailing reliance interest of the party opposing modification against the policy of avoiding duplicative discovery." Id. at 1133.

The district court that issued the protective order only is required to make a rough estimate of relevance determining "whether the protective order will bar the collateral litigants from gaining access to the discovery already conducted." Id. at 1132-33. "Even if the issuing court modifies the protective order, it does not decide whether the collateral litigants will ultimately obtain the discovery materials" because "ultimate discoverability of specific materials" must be resolved by the collateral court. Id. at 1133; see also The Sherwin-Williams Co. v. JB Collision Servs., Inc., 2017 WL 6027005, at *2 n.1 (S.D. Cal. Dec. 5, 2017) ("The case in this District has been closed for nearly two years and is not the proper forum in which to wage battles over the relevancy of specific items of discovery in an active case pending in another district. The narrow issue before this Court is whether the Protective Order should be modified such that such a battle can even be waged or whether the Protective Order should remain unmodified and thus serve as a barrier to requests for protected discovery."); Stokes v. Life Ins. Co. of N. Am., 2009 WL 8397036, at *3 (D. Idaho Aug. 31, 2009) ("In other words, the court's ruling [to modify the protective order] does not allow movants to directly access the underlying documents. It simply establishes that no party may prevent movants from obtaining

6

access as a matter of course, for use in the collateral actions." (quoting In re Dynamic Random Access Memory (DRAM) Antitrust Litig., 2008 WL 4191780, at *3 (N.D. Cal. Sept. 10, 2008))).

## **ANALYSIS**

The initial issue is relevance of the protected discovery in this case to the discovery in the Cruz case. Foltz, 331 F.3d at 1132. Defendants assert that the Cruz case involves the IVR system, whereas the current case does not, but do not otherwise distinguish the two cases. ECF No. 65 at 2. Defendants note that "Plaintiffs' counsel purports to represent substantially the same putative class in Cruz as in this case, asserting largely the same claims against the same defendants for the same alleged misconduct." ECF No. 62 at 2. Plaintiffs state

> [t]he basic allegation in both cases is that, under the guise of providing consumers the opportunity to obtain magazines at a discounted price for a specific term, Synapse enrolls consumers in a program that automatically renews the subscriptions from year-to-year and results in annual charges to the consumer's credit card, debit card, or third-party payment account, without providing the requisite disclosures and without obtaining the authorizations required by California law.

ECF No. 63 at 2. Plaintiffs further state that "[i]t is likely that much of the discovery taken in this case will also be relevant to the Cruz Action. That should not be a surprise to anyone." ECF No. 63 at 5 (citing Defendants' Notice of Related Case (ECF No. 61) ("While there are some differences between the two cases, the Cruz action and this case involve the same law firm filing suit against the same defendants on behalf of a similar class based on similar operative facts.")). As such, the Court is "satisf[ied] . . . that the protected discovery is sufficiently relevant to the collateral litigation that a substantial amount of duplicative discovery will be avoided by [not] modifying the protective order" as requested by Defendants. Foltz, 331 F.3d at 1132.

The second issue requires the Court to weigh Defendants' reliance on the protective order against the policy of avoiding duplicating discovery. Id. at 1133. Initially, the Court notes that the Ninth Circuit has opined that reliance will be less with a blanket protective order that covers all of the confidential material than with a protective order directed toward a single document. Id. (quoting Beckman, 966 F.2d at 476) ("[R]eliance will be less with a blanket [protective]

7

order, because it is by nature overinclusive."). Here, the current protective order covers CONFIDENTIAL and CONFIDENTIAL – FOR COUNSEL ONLY materials. See ECF No. 30 at 6. Defendants seek to expand this designation even further so that it covers all documents produced in the Price case. ECF No. 62 at 1. As such, Defendants have protection for a large number of documents and seek to incorporate an even larger set of documents. Given the broad coverage, the Court finds that Defendants' protection reliance is relatively weak. Weighing this weak reliance against the strong policy of avoiding duplicative discovery and the fact that the discovery protected in Price is extremely relevant to the discovery likely to be sought in Cruz, the Court finds no support for Defendants' request to modify the protective order to prohibit Plaintiffs from using the Price discovery in the Cruz litigation. However, the Court notes that the final decision as to the discoverability of any of the Price discovery will be resolved in the Cruz litigation. See Foltz, 331 F.3d at 1133; Stokes, 2009 WL 8397036, at *3 ("Any such access [is] permissible, however, only after the collateral courts have decided upon the proper scope of discovery ... in those cases (and resolved any discovery objections that arise), and only to the extent and in accordance with the scope permitted by those courts." (internal citation omitted)).

Accordingly, the Court **DENIES** Defendants' motion to modify the protective order to prevent Plaintiffs' counsel from using any materials obtained in discovery in this matter in the Cruz matter "regardless of whether the materials are "confidential" within the scope of the protective order." See ECF No. 62 at 1. Any other finding by the Court would improperly allow Defendants to use the modified protective order as a shield to prevent access to otherwise discoverable material. Shalaby v. Irwin Indus. Tool Co., 2018 WL 500948, at *6 (S.D. Cal. Jan. 20, 2018) (finding "good cause to modify the Protective Order so it may not be used as a shield by Defendant to prevent access to otherwise discoverable material.") (citing In re eBay Seller Antitrust Litig., 2010 WL 2836815, at *4 (N.D. Cal. July 19, 2010) ("[T]he protective order is modified to the extent that it may not be used as a shield by eBay to prevent Sawyer's lawyers from obtaining documents otherwise discoverable from eBay."); In re Dynamic Random Access Memory (DRAM) Antitrust Litig., 2008 WL 4191780, at *3 ("In other words, the court's ruling does not allow movants to directly access the underlying documents. It simply establishes that

no party may prevent movants from obtaining access as a matter of course, for use in the collateral actions.").

The Court declines to order Plaintiffs' counsel to "state under oath what information they have sought or used from this case to further their efforts in other actions (filed or as-of-yet unfiled)" or "to affirm that they did not use customer information produced in this case to seek additional potential named plaintiffs in this or other actions, and to permit the defendants discovery into this potential violation of California's anti-solicitation laws" [see ECF No. 62 at 1] as Defendants provide no legal basis for these requests and the Court finds no legal or factual support for them. The Court also reminds Defendants that they only may designate as Confidential or Confidential – For Counsel Only those documents that they believe in good faith satisfy the descriptions set forth in the existing Protective Order. See ECF No. 30.

In their reply letter brief, Defendants raise a number of new issues. ECF No. 65. For example, Defendants argue that IVR discovery is not relevant to the Price litigation and Ms. Freier should not be required to testify about it. Id. at 2. However, Defendants did not seek the exclusion of such testimony in their original motion and, as noted by Plaintiffs, apparently have not met and conferred with Plaintiffs' counsel on this issue. Defendants' motion only sought to prevent Plaintiffs from using discovery obtained in the Price litigation to further any other litigation. ECF No. 62 at 1. It did not challenge the relevancy of any specific discovery sought in the Price case. ECF No. 62. Similarly, Defendants object on various bases to allowing Plaintiffs to use the Price discovery in other cases but, as noted by Plaintiffs, discovery has been stayed in the Cruz case and Plaintiffs are not currently seeking to obtain discovery in Cruz. The only issue before the Court is Defendants' request to modify the Protective Order to prevent Plaintiffs from using discovery obtained in the Price litigation in the Cruz litigation. The Court finds Defendants' attempts in its reply brief to broaden the scope of the dispute, especially without properly meeting and conferring with opposing counsel, entirely inappropriate and the Court declines to address these new issues at this time.

With the Court's timely ruling, the Court expects the depositions of Ms. Jody Freire and

Mr. Derek Hoffman to proceed forward as noticed on August 16 and 17, 2018.[2] And, the Court reminds Defendants that they must comply with Fed. R. Civ. P. 30(c)(2) during the upcoming depositions.

In Plaintiffs' reply brief, they seek monetary sanctions in accordance with Civil Local Rule 83.1.a[3] and Fed. R. Civ. P. 26(c)(3) and 37(a)(5) on the basis that Defendants improperly attempt to broaden or modify the basis for their motion and because "there is no substantial justification for Synapse interfering with the Freire and Hoffman depositions, or for seeking a protective order that covers "everything" without a particularized and specific showing of injury, or for filing the motion without first meeting and conferring on *all* of the issues to be raised." ECF No. 66 at 5. Pursuant to Fed. R. Civ. P. 37 (a)(5)(B), if a motion for protective order is denied,

> the court must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Here, Defendants' request to modify the protective order is being denied. For the reasons

---

[2] Prior to filing the letter briefs, counsel for the parties indicated to the Court that the need for the expedited nature of this briefing was due to the depositions noticed to take place on August 16 and 17, 2018 in Connecticut. From the parties' reply letter briefs, it is unclear if this is still accurate. To be clear, the Court is ordering that the depositions of Ms. Jody Freire and Mr. Derek Hoffman proceed as noticed.

[3] CivLR 83.1a states:

> Failure of counsel or of any party to comply with the [local] rules, with the Federal Rules of Civil or Criminal Procedure, or with any order of the court may be grounds for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions.

set forth above, the Court finds that Defendants' motion was not substantially justified and that there are no other circumstances that make an award of expenses unjust. The Court also finds that Defendants have improperly attempted to raise new issues in their reply brief without properly meeting and conferring and complying with the Court's Chamber Rules. Accordingly, Plaintiffs' request for sanctions is **GRANTED**. On or before **August 28, 2018**, Plaintiffs' counsel must file an application for expenses, including attorneys' fees. Defendants must file any response on or before **September 4, 2018**.

**IT IS SO ORDERED**.

Dated: 8/14/2018

Hon. Barbara L. Major
United States Magistrate Judge