# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON DALE PRICE, *et al.*,<br><br>                     Plaintiffs,<br><br>   v.<br><br>SYNAPSE GROUP, INC.;<br>SYNAPSECONNECT, INC.,<br><br>                     Defendants. | Case No. 16-cv-1524-BAS-BLM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL**<br><br>**[ECF No. 87]** |

      Before the Court is a motion to seal filed in connection with Plaintiffs' pending motion for class certification. (ECF No. 87.) Plaintiffs seek to seal five documents in whole or in part based on Defendants' confidentiality designations. (*Id.*) They have filed a redacted public version of the motion for class certification. (ECF No. 86.) Plaintiffs have also lodged the proposed sealed or redacted documents. (ECF No. 88.) Pursuant to the parties' protective order, Defendants have responded with arguments for why the information should remain under seal. (ECF No. 93.) For the reasons herein, the Court grants in part and denies in Plaintiffs' motion.

## LEGAL STANDARD

      A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access to public records and documents, including judicial documents and records. *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135

(9th Cir. 2003); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*.

The compelling reason standard applies to a motion for class certification. *McCurley v. Royal Seas Cruises, Inc.*, No. 17-cv-00986-BAS-AGS, 2018 WL 3629945, at *2 (S.D. Cal. July 31, 2018). This is because such a motion "generally involves considerations that are enmeshed in the factual and legal issues comprising plaintiff's cause of action," which require a district court to engage in a "rigorous analysis" that "entail[s] some overlap with the merits of the plaintiff's underlying claims." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351, 352 (2011) (citation and quotation omitted). For this reason, courts frequently apply the compelling reasons standard to a motion to seal a document filed in connection with a motion for class certification. *See McCurley*, 2018 WL 3629945, at *2; *Baker v. Seaworld Entm't, Inc.*, No. 14-cv-2129-MMA (AGS), 2017 WL 5029612, at *3 (S.D. Cal. Nov. 3, 2017) (applying compelling reasons standard to motion to seal filed in connection with exhibits to motion for class certification); *Opperman v. Path, Inc.*, No. 13-cv-00453-JST, 2017 WL 1036652, at *5 (N.D. Cal. Mar. 17, 2017) (same); *Lucas v. Breg, Inc.*, No. 15-cv-00258-BAS-NLS, 2016 WL 5464549, at *1 (S.D. Cal. Sept. 28, 2016) (same).

## DISCUSSION

Defendants assert that five exhibits Plaintiffs have placed under seal should remain under seal because "they discuss either business strategy and competitive market practices, or confidential pricing and financial data," which "if revealed to

Synapse's competitors, could cause Synapse competitive injury." (ECF No. 93 at 1.) Defendants have submitted a declaration from Eileen Peacock, Synapse's Vice President of Partnership Marketing and Sales, which describes the sensitive nature of Exhibits 21 through 24 and why their disclosure would harm Synapse. (ECF No. 93-1.) The Court largely agrees with Defendants' response, but finds that it is not appropriate to seal Exhibit 18.

### 1. Exhibit 22

There are compelling reasons to maintain Exhibit 22 under seal in its entirety. The exhibit contains pricing and financial information related to certain partners and customers of Synapse, which could harm Synapse's competitive standing if it were disclosed. *See Baker*, 2017 WL 5029612, at *5 (finding it appropriate to maintain under seal information related to "pricing and marketing strategies" because "disclosure . . . could lead to an improper use by competitors[]"); *see also Schneider v. Chipotle Mexican Grill, Inc.*, No. 16-cv-02200-HSG, 2018 WL 4510731 (N.D. Cal. Sept. 18, 2018) (granting motions to seal documents with pricing information). The Court grants Plaintiffs' motion as to Exhibit 22 for this reason.

### 2. Exhibits 21, 23 and 24

There are also compelling reasons to redact portions of Exhibit 21 and maintain Exhibits 23 and 24 under seal in their entirety. These exhibits contain various types of Synapse's proprietary information, which would qualify as trade secret information for which sealing is appropriate even under the compelling reasons standard. *See In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 570 (9th Cir. 2008); *Watts v. Metro. Life Ins. Co.*, No. 09-cv-829 WQH (WVG), 2010 WL 11508844, at *3 (S.D. Cal. Oct. 7, 2010). For example, Exhibit 21 contains Synapse's database information for its magazine marketing business, which Synapse has built at substantial cost and maintains under secrecy. (Peacock Decl. ¶¶ 7, 9, 11.) Exhibit 23 contains Synapse's proprietary protocol for customer retention, which is discussed in Exhibit 24. Disclosure of this information could affect Defendants' competitiveness in the

marketplace and it is therefore appropriate to maintain the exhibits under seal. The Court grants Plaintiffs' motion as to Exhibits 21, 23 and 24 for this reason.

### 3. Exhibit 18

Finally, the Court does not find compelling reasons to maintain Exhibit 18 under seal. The exhibit which Defendants contend should remain under seal is deposition testimony from Synapse Group Inc.'s president which suggests that Synapse controls the text in a Bizrate survey invite box. Bizrate is a wholly-owned subsidiary of Synapse, which both Plaintiffs and Defendants acknowledge. (ECF No. 86 at 10; ECF No. 93-2 at 1.) The information contained in Exhibit 18 is entirely consistent with this relationship. Defendants fail to articulate any concrete competitive harm disclosure would potentially cause. (ECF No. 93-2 at 1.) The Court denies Plaintiffs' motion as to Exhibit 18.

## CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion to seal. (ECF No. 87.) The Court **GRANTS** the motion as to Exhibits 21, 22, 23, and 24. These exhibits may be filed under seal and references to these exhibits may be redacted as appropriate. The Court **DENIES** the motion as to Exhibit 18.

**IT IS SO ORDERED.**

DATED: October 1, 2018

Hon. Cynthia Bashant
United States District Judge